IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


MOHAMMED AZIZ, et al.,                *

            Plaintiffs              *

        vs.                         *   CIVIL ACTION NO. MJG-09-869

REPUBLIC OF IRAQ, et al.            *

            Defendants              *

*       *       *       *       *       *       *       *       *

RULE 54(b) DETERMINATION

Rule 54(b) of the Federal Rules of Civil Procedure provides in

pertinent part:

> When . . . multiple parties are involved, the court may
> direct the entry of a final judgment as to one or more but
> fewer than all of the claims or parties only upon an express
> determination that there is no just reason for delay and
> upon an express direction for the entry of judgment.

A Rule 54(b) certification should be the exception, not the

rule, for it is important to prevent piecemeal appeals of a case.

As stated by then Judge (now Justice) Kennedy in Morrison-Knudsen

Co., Inc. v. Archer:

> Judgments under Rule 54(b) must be reserved for the unusual
> case in which the costs and risks of multiplying the number
> of proceedings and of overcrowding the appellate docket
> are outbalanced by pressing needs of the litigants for an
> early and separate judgment as to some claims or parties.

655 F.2d 962, 965 (9th Cir. 1981).

In Braswell Shipyards, Inc. v. Beazer East, Inc., the Fourth

Circuit held that to make a proper Rule 54(b) certification, a

district court must take two steps:

- determine whether the judgment is "final" . . . in the
  sense that it is "an ultimate disposition of an
  individual claim entered in the course of a multiple
  claims action[,]" [and] . . .

- determine whether there is no just reason for the delay
  in the entry of judgment.

2 F.3d 1331, 1335 (4th Cir. 1993) (citing Curtis-Wright Corp. v.

General Electric Co., 446 U.S. 1, 7-8 (1980) (internal citations

omitted)).

The Fourth Circuit said that in making this case-specific

determination, which was tilted against piecemeal appeals, the

district court should consider the following factors if applicable:

(1) the relationship between the adjudicated and
    unadjudicated claims;

(2) the possibility that the need for review might or might
    not be mooted by future developments in the district
    court;

(3) the possibility that the reviewing court might be
    obliged to consider the same issue a second time;

(4) the presence or absence of a claim or counterclaim
    which could result in a set-off against the judgment
    sought to be made final;

(5) miscellaneous factors such as delay, economic and
    solvency considerations, shortening the time of trial,
    frivolity of competing claims, expense, and the like.

Braswell Shipyards, 2 F.3d at 1335-36 (citations omitted).

In light of the foregoing factors, and all other applicable facts and circumstances, Court finds that the entry of a judgment with regard to Defendant Alocolac, Inc. alone is appropriate. First, the contemplated judgment would most certainly be "final" in the Rule 54(b) sense because it reflects the resolution of all issues relating to Defendant Alcolac, Inc. Second, the unadjudicated claims (against the Government of Iraq) are independent of the adjudicated claims.

For the foregoing reasons, the Court determines that:

1. A "final" judgment can be entered resolving the claims against Defendant Alcolac, Inc.

2. There is no just reason for delay in the entry of such a judgment

3. Judgment pursuant to Rule 54(b) shall be entered by separate Order.

SO ORDERED, on <u>Tuesday, July 20, 2010</u>.


_____/s/_____
Marvin J. Garbis
United States District Judge
